1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LIONZO ANGEL VILLARREAL,                 No.  2:18-cv-3239-EFB P

12                     Petitioner,

13           v.                                 ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14    THE PEOPLE OF THE STATE OF
      CALIFORNIA,

15
                     Respondent.
16

17

18          Petitioner is a state prisoner who, represented by counsel, seeks a writ of habeas corpus

19    pursuant to 28 U.S.C. § 2254.  He has filed a petition (ECF No. 1) which, for the reasons stated

20    below, does not state a viable federal claim.

21          I.      Legal Standards

22          The court must dismiss a habeas petition or portion thereof if the prisoner raises claims

23    that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be

24    granted.  28 U.S.C. § 1915A(b)(1),(2).  The court must dismiss a habeas petition "[i]f it plainly

25    appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

26    Rule 4, Rules Governing Section 2254 Cases.

27    /////

28    /////

                                                  1

1    II.    Analysis

2         Petitioner states that he was convicted in 2012 of: (1) conspiracy to commit first degree

3    murder; (2) a gang enhancement; and (3) a gun enhancement.  ECF No. 1 at 8.  He was sentenced

4    to life without parole on conspiracy to commit murder and twenty-five to life on the gun

5    enhancement (to run consecutively).  *Id.*  He brings this petition on the basis that California

6    Senate Bill 620, signed into law in 2017, provides a sentencing court with discretion as to the

7    imposition of the twenty-five to life firearm enhancement.  *Id.* at 9.  Pursuant to the bill, the

8    California Penal Code was changed to provide that:

9              The court may, in the interest of justice pursuant to Section 1385 and
               at the time of sentencing, strike or dismiss an enhancement otherwise
10             required to be imposed by this section. The authority provided by this
               subdivision applies to any resentencing that may occur pursuant to
11             any other law.

12   Cal. Penal Code § 12022.53(h).  Given that the sentencing court lacked such discretion in 2012,

13   petitioner requests that his habeas petition be granted and his case referred back to the San

14   Joaquin Superior Court.  *Id.*

15        Petitioner's claim fails insofar as it involves only an application of state sentencing laws

16   and, thus, does not give rise to a federal question.  *See Waddington v. Sarausad*, 555 U.S. 179,

17   192 n.5 (2009) ("[W]e have repeatedly held that it is not the province of a federal habeas court to

18   reexamine state-court determinations on state-law questions."); *Rivera v. Illinois*, 556 U.S. 148,

19   158 (2009) ("[A] mere error of state law . . . is not a denial of due process") (quoting *Engle v.*

20   *Isaac*, 456 U.S. 107, 121, n.21 (1982)); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e

21   reemphasize that it is not the province of a federal habeas court to reexamine state-court

22   determinations on state-law questions.").  The court recognizes that petitioner claims that his

23   sentence is invalid not only under state law, but also pursuant to the Fifth and Sixth Amendments

24   to the U.S. Constitution.  He does not, however, satisfactorily explain how his state claims

25   intersect with the Constitution.  And the mere invocation of the Constitution is insufficient to

26   convert a claim based on state law – as the immediate one clearly is – into a federal one.[1]  *See*

27

28        [1] The U.S. Court of Appeals for the Ninth Circuit has carved out a potential exception for
     showings of "fundamental unfairness."  *See Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir.1994)

*Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) ("[A claimant] may not, however, transform a state-law issue into a federal one merely by asserting a violation of due process . . . .") (as modified).

       III.    Conclusion

      Accordingly, it is ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

      Further, it is hereby RECOMMENDED that the petition (ECF No. 1) be DISMISSED for failure to state a cognizable federal claim.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: September 24, 2019.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE

---

("*Absent a showing of fundamental unfairness*, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.") (emphasis added). Suffice it to say, petitioner has not shown that the state courts' decision not to revisit his gun enhancement is "fundamentally unfair."

3