UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONZO ANGEL VILLARREAL,<br><br>Petitioner,<br><br>v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | No. 2:18-cv-3239-TLN-EFB<br><br>**ORDER** |

This matter is before the Court pursuant to Petitioner Lionzo Angel Villarreal's ("Petitioner"), "Request for Late Filing of Motion to Object to Dismissal of Claim" (ECF No. 6), which the Court construes as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). For the reasons set forth below, Petitioner's motion is DENIED.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On December 19, 2019, Petitioner, a state prisoner proceeding through counsel,[1] filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On September 25, 2019, the magistrate judge recommended that petition be dismissed for failure to state a cognizable federal claim. (ECF No. 3.) Objections to those recommendations were due

---

[1] The docket reflects Petitioner was represented by counsel, Joseph Virgilio of The Justice Firm; however, Petitioner has filed the instant motion *pro se*.

within fourteen days. (*Id.*) No objections were filed within that time and, on December 20, 2019, the Court adopted Findings and Recommendations, dismissed the Petition, and entered judgment. (ECF Nos. 4, 5.) Nearly a month later, on January 14, 2020, Petitioner filed a "Request for Late Filing of Motion to Object to Dismissal of Claim." (ECF No. 6.) The request was filed *pro se* and argues that Petitioner's counsel was ineffective in failing to object to the magistrate judge's recommendations. (*Id.* at 1–3.) The Court construes Petitioner's "Request" as a motion for reconsideration.

**I.  STANDARD OF LAW**

The Court may grant reconsideration under Federal Rules of Civil Procedure 59(e) or 60. *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). A motion to alter or amend a judgment under Rule 59(e) must be filed no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within twenty-eight days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order. *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Petitioner's motion was filed within twenty-eight days of entry of judgment and is therefore construed as a motion to alter or amend the judgment under Rule 59(e).

Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the district court enjoys considerable discretion in granting or denying the motion. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). Nevertheless, a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell*, 197 F.3d at 1255. Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co.*, 634 F.3d at 1111.

## II.     ANALYSIS

Petitioner fails to advance any argument that establishes he is entitled to relief under Rule 59(e). More specifically, Petitioner argues that his counsel was ineffective in failing to object to the magistrate judge's recommendations. (ECF No. 6 at 1–3.) The Court finds this argument unpersuasive.

The U.S. Court of Appeals for the Ninth Circuit has held that "[a]s a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to [a motion for reconsideration]." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (denying motion pursuant to Fed. R. Civ. P. 60(b)); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney") (internal quotation omitted); *Walsh v. Countrywide Home Loans, Inc.*, No. C 09-0446 SBA, 2009 WL 4674049 (N.D. Cal. Dec. 2, 2009) (citing *Casey*, 362 F.3d at 1260, and denying motion to reconsider based on incompetent counsel arguments under both Rule 59(e) and 60(b)).

The matter might be different if Petitioner's counsel had committed negligence "so gross that it [wa]s inexcusable." *Mackey v. Hoffman*, 682 F.3d 1247, 1251 (9th Cir. 2012). However, the Court finds no gross negligence occurred here. As correctly noted by the magistrate judge in the Findings and Recommendations, Petitioner's claims clearly involved only the application of state sentencing laws, for which federal habeas relief is not available. (ECF No. 3 at 2.) Indeed,

Petitioner has not offered any cogent theory of what objections his counsel might have raised to salvage his Petition. For this reason, Petitioner's Motion for Reconsideration must be DENIED.

Further, the Court notes Petitioner has failed to advance any argument or new facts, circumstances, or controlling law to warrant the extraordinary relief he seeks. *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880. For this reason, as well, Petitioner's Motion for Reconsideration must be DENIED.

### III. CONCLUSION

Based on the foregoing, Petitioner's "Request," construed as a Motion for Reconsideration (ECF No. 6), is DENIED.

IT IS SO ORDERED.

Dated: February 11, 2020

Troy L. Nunley
United States District Judge